UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| Brown Building Corporation, | Case No. 15-70267 -FJS |
|---|---|
| Debtor. | Chapter 11 |

## MOTION TO CONVERT CASE AND SUPPORTING MEMORANDUM

Judy A. Robbins, the United States Trustee for Region Four, by counsel, moves this Court to convert this case pursuant to 11 U.S.C. §1112. In support of her motion, the U.S. Trustee states:

1.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. § 1408 and 1409.

2.  The statutory predicates for relief are 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 307, 1112 and Fed. R. Bank. P. 2007.1 and 9014.

### Factual Background

3.  On January 29, 2015, the debtor filed a petition under Chapter 11, Title 11, U. S. Code. The debtor remains a debtor in possession, and no trustee has been appointed. The United States Trustee appointed a Committee of Unsecured Creditors on March 20, 2015.

4.  The Consent Order Conditioning Rights of Debtor in Possession was entered on March 10, 2015[1] .

---

[1] The Order Conditioning Rights of Debtor In Possession provides that the first report was due on March 15, 2015 to reflect all financial transactions for the period commencing with the date of filing and ending with the last day of February, 2015. Subsequent reports are due on the 15th of each month for the transactions conducted during the previous month. *See* Docket Entry # 28.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Office of the U.S. Trustee
200 Granby Street, Room 625
Norfolk, VA  23510
(757) 441-6012

  5. The debtor is delinquent in filing its monthly operating reports for April and May.

  6. The debtor's failure to fail monthly operating reports provides cause to convert or to dismiss this case under subsections (F): unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter, and (E): failure to comply with an order of the court.

  7. Under section 1112 (b)(1) and (2), if the movant establishes cause, the court shall dismiss or convert the case, or appoint a chapter 11 trustee, unless the court "finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate," and the debtor establishes the specific circumstance set forth in subsections (b)(2) or (c).

  8. Accordingly, the debtor must prove that:

  (a) there is a reasonable likelihood that a plan will be confirmed within the time frames expressed in section 1121(e) and 1129(e) or, if such sections do not apply, within a reasonable time;

  (b) the grounds for converting or dismissing include an act or omission other than the cause set forth in section 1112(b)(4)(A); and

  (c) there is a reasonable justification for the act or omission which act or omission will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

  9. If the U.S. Trustee establishes that cause exists to dismiss or convert, the burden then shifts to the debtor to prove a defense. If it does not, the case must be dismissed or converted. Relief is mandatory, unless the debtor meets its burden under section 1112(b)(2). *See generally In re Skeen, Goldman LLP*, 2007 WL 4556683, 3 (Bankr.D.Md. Dec 20, 2007).

10    The debtor's failure to file monthly operating reports is detrimental to the chapter 11 process.  As the Court explained in *In re Whetten*, 473 B.R. 380, 383–84 Bankr.D.Colo.2012):

> Monthly reports and the financial disclosures contained within them "are the life-blood of the Chapter 11 process" and are more than "mere busy work." *Matter of Berryhill*, 127 B.R. 427, 433 (Bankr.N.D.Ind.1991). Without these reports, the UST and creditors cannot determine when a debtor is incurring additional losses, is rendered administratively insolvent, or is transferring assets without authorization. The reporting requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize. Thus, non-compliance is not a "mere technicality." *In re Ronald Kern & Sons*, 2002 WL 1628908, at *1 (W.D.N.Y. June 11, 2002).... If a debtor does not fulfill this basic obligation during the Chapter 11 case, when it knows it will have to come before the court on any number of occasions, how can the creditors have any confidence that the debtor will timely and accurately report its income and make the required distributions under its plan, when the court and the UST are no longer monitoring the case? Consequently, the "importance of [filing] ... monthly report[s] cannot be over-emphasized." *In re Myers*, 2005 WL 1324019, at *2 (10th Cir. BAP May 25, 2005). A debtor ignores this basic duty at its own peril.

*Id*.  And see In re Landmark Atlantic Hess Farm, LLC, 448 B.R. 707, 716–17 (Bankr. D. Md. 2011)(late filing of catch-up monthly reports does not "satisfactorily explain or excuse failure to satisfy [a debtor's] duties as a chapter 11 debtor.").

11.    The president and treasurer of the debtor, Ronald Brown, died tragically and unexpectedly in March after the case was filed, severally hampering the debtor's prospects for reorganization.  The debtor received the proceeds of an insurance policy ($205,676.92) on Mr. Brown's life in April and paid substantial rent payments ($16,000) to an affiliate.[2] The U.S. Trustee was advised that the debtor bid on several jobs post-filing, but they were not awarded to the debtor, and the debtor likely has completed the jobs which were pending on filing.  Providing creditors information about any debtor's financial affairs is crucial, but it is particularly critical

---

[2] The U.S. Trustee received a list of transactions for the month of April, but no monthly operating report was filed.

3

in the circumstances in this case. It is hard to imagine a reasonable justification for failing to do so.

12. Because there are assets available for distribution, conversion appears to be the appropriate remedy.

WHEREFORE, the United States Trustee moves this Court to convert this case, as the best interest of creditors and the estate dictate. It is further respectfully requested that, if this case is converted to one under Chapter 7, the automatic dismissal provisions of the local rules not apply to this converted case, and that failure of the debtor to abide by the terms of the Conversion Order result in the issuance of an Order to Show Cause directed at the debtor.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE
REGION FOUR

By: /s/ Cecelia Ann Weschler

Kenneth N. Whitehurst, III
Assistant United States Trustee

Cecelia A. Weschler
Trial Attorney

**CERTIFICATE OF SERVICE**

I certify that on June 16, 2015 service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management/Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

/s/ Cecelia Ann Weschler